IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KARMEN CHARLES FOX,<br>a/k/a KACE FOX,<br><br>    Defendant. | Case No. 3:23-cr-00211<br><br>**MOTION TO CORRECT<br>SUPERSEDING INDICTMENT** |

    The United States of America, by Mac Schneider, United States Attorney for the District of North Dakota, and Dawn M. Deitz, Assistant United States Attorney, moves the Court for an Order amending Count Eight and Nine of the Superseding Indictment in this case to accurately reflect the serial number of the firearm, specifically, One Mossberg International, .22 caliber rifle, Serial Number EML4014833. See <u>Russell v. United States</u>, 369 U.S. 749, 770 (1962) (holding that it is a "settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form).

    The Eighth Circuit Court of Appeals has had an occasion to decide the issue of what process is due a defendant when the serial number on the Indictment is incorrect. In <u>United States v. Neff</u>, 525 F.2d 361 (8th Cir.1975), the serial number listed on the Indictment for a firearm was incorrect. The district court allowed the serial number to be amended for the jury instructions to the correct number that was actually on the firearm. The Indictment was not resubmitted to a grand jury for correction but was amended by the court's order. The Neff Appellate Court agreed that the district court did not commit

error, holding that "... the change of a weapon's serial number in this indictment does not require dismissal. Correction of a typographical error which goes to the form rather than the substance of the indictment is permissible." Id., at 363. Other circuits have agreed that an incorrect serial number on the indictment is not a defect requiring dismissal. See United States v. Jackson, 596 F.3d 236, 244–45 (5th Cir.2010); United States v. Morrow, 925 F.2d 779, 781 (4th Cir.1991); United States v. Field, 875 F.2d 130, 133–34 (7th Cir.1989). An amendment to the indictment is permissible when the defendant's rights are not affected and he is adequately apprised of the charges against him so that he is protected against surprise at trial. Jackson, 596 F.3d at 245.

    Dated:  February 12, 2025

                                            MAC SCHNEIDER
                                            United States Attorney

                        By:    /s/ *Dawn M. Deitz*
                                DAWN M. DEITZ
                                Assistant United States Attorney
                                ND Bar ID 06534
                                655 First Avenue North, Suite 250
                                Fargo, ND  58102-4932
                                (701) 297-7400
                                dawn.deitz@usdoj.gov
                                Attorney for United States